NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN GARAND, | No. 11-17277 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00212-LRH-VPC |
| v. | |
| JPMORGAN CHASE BANK; CALIFORNIA RECONVEYANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SERVICE, INC.; WAMU BANK, F.A.; RECONSTRUCT COMPANY, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted May 13, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and MARBLEY, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Algenon L. Marbley, District Judge for the U.S. District Court for the Southern District of Ohio, sitting by designation.

Plaintiff Norman Garand ("Garand") appeals from the district court's order granting summary judgment for Defendants J.P. Morgan Chase Bank ("Chase") and California Reconveyance Company ("CRC") on Garand's statutorily defective foreclosure and unjust enrichment claims.

In 2007, Garand entered into two mortgage loans with Washington Mutual Bank ("WaMu"), both secured by deeds of trust on which CRC was named trustee. The first mortgage loan was subsequently endorsed in blank and purportedly acquired by Freddie Mac. After the purported sale, the FDIC took WaMu into receivership. Chase alleges that, at that point, the FDIC transferred all of WaMu's servicing rights to Chase, including the right to service Garand's first mortgage loan (which WaMu had retained after the sale to Freddie Mac). Chase also took possession of the original first mortgage note. Garand defaulted on that loan and, in October 2009, CRC initiated non-judicial foreclosure proceedings on Chase's behalf. Garand subsequently brought this wrongful foreclosure action.

None of Garand's arguments against summary judgment are persuasive. Garand first contends that CRC's Notice of Default and Election to Sell was defective under N.R.S. § 107.080. Nevada's nonjudicial foreclosure statute confers on the trustee a power of sale "to secure the performance of an obligation or the payment of any debt … after a breach of the obligation for which the transfer is security." N.R.S. § 107.080(1). The statue further authorizes a trustee to execute

and cause to be recorded the notice of default and notice of sale that are statutory prerequisites to foreclosure. *See* N.R.S. § 107.080(2)(c), (3), (4). Hence, as the original trustee named on the first deed of trust, CRC was a proper party to execute and record the foreclosure notices at issue in this case.

Moreover, CRC's failure to disclose the current holder of the mortgage note did not render the notice of default defective: at the time CRC recorded the notices of default and sale, Nevada law imposed no such requirement for non-owner-occupied residential properties. Although the Nevada legislature subsequently revised N.R.S. § 107.080(2)(c) to require disclosure of the current note holder in the notice of default, these provisions did not go into effect until October 2011. *See* Assemb. B. 284 § 9, 76th Leg., Reg. Sess. (Nev.2011) (enacting N.R.S. § 107.080(2)(c)(1)-(6)); Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev.2011) (amending effective date of Assembly Bill 284 to October 1, 2011 and amending § 14.5 of the bill to provide that the § 107.080 amendments apply only to notices of default filed on or after October 1, 2011). Accordingly, the district court did not err in granting summary judgment for CRC and Chase as to Garand's claims under N.R.S. § 107.080.

Garand also alleges that CRC failed to comply with N.R.S. §§ 107.085 and 107.086. These provisions, however, apply only to owner-occupied premises and thus are not applicable to the foreclosure proceedings at issue here. *See* N.R.S. §§

107.085(1)(b), 107.086(1). Therefore, the district court did not err in granting summary judgment for CRC and Chase on those claims.

Garand's claims for unjust enrichment also fail. Under Nevada law, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) (citing 66 Am.Jur.2d *Restitution* § 6 (1973)). Here, the rights and obligations of the parties are dictated by express contracts—the first mortgage note and deed of trust. The district court therefore correctly granted summary judgment for CRC and Chase on Garand's claims for unjust enrichment.

Finally, Plaintiff contends that the note and deed of trust are unenforceable and/or inoperable. These arguments are also without merit. Nevada permits instruments endorsed in blank to be negotiated by transfer of possession alone. N.R.S. § 104.3205; *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 261 (Nev. 2012). In this case, because Chase has possession of the original note endorsed in blank, it has the right to enforce the underlying debt. *See Edelstein*, 286 P.3d at 261 (citing *Leyva v. National Default Servicing Corp.*, 255 P.3d 1275, 1280 (Nev. 2011)). Furthermore, though there was no corresponding assignment of the deed of trust, this did not sever the security instrument from the debt. Nevada follows the Restatement approach to notes and mortgages, wherein "a

promissory note and a deed of trust are automatically transferred together unless the parties agree otherwise." *Id*. at 257 (citing Restatement (Third) of Prop.: Mortgages § 5.4 (1997)). Thus, here, transfer of the mortgage note also effected a transfer of the deed of trust. Chase is therefore entitled to enforce both.

Nor did any breach of the note or deed of trust render these contracts unenforceable. The documents imposed no separate contractual obligation on WaMu, Chase or CRC to disclose the transfer or assignment of the note or deed of trust. Indeed, paragraph 20 of the deed of trust specifically provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." While paragraph 20 does mandate that written notice be issued to the borrower if there is a change in loan servicer, the record indicates that Chase fully complied with that requirement.

Garand also contends that paragraph 20 imposes an obligation to sell the note and deed of trust together, and that therefore transferring the note without also assigning the deed of trust constituted breach of contract. In fact, the note and deed of trust were sold "together," because the mortgage followed the note automatically, without the need for a corresponding assignment.

Garand also argues that, under paragraph 23 of the deed of trust, only the Lender—not the loan servicer or the trustee—can invoke the power of sale and cause the trustee to execute a notice of default. Even if paragraph 23 did prohibit

the trustee from initiating foreclosure proceedings at a loan servicer's request, CRC's actions here would not be improper. As the entity in possession of the note, Chase is entitled to enforce both the note and the deed of trust. Accordingly, Chase has authority, as beneficiary under the security instrument, to cause CRC to undertake foreclosure proceedings. There was, therefore, no breach of contract in that respect.

For the foregoing reasons, we conclude that the district court correctly granted summary judgment for CRC and Chase on all claims.

**AFFIRMED.**